## UNITED STATES DISTRICT COURT
## SOUTERN DISTRICT OF FLORIDA

CENTER FOR BIOLOGICAL DIVERSITY;
CALUSA WATERKEEPER; and
WATERKEEPER ALLIANCE,

*Plaintiffs,*

v.

Case Number **2:19-cv-14199-DMM**

U.S. ARMY CORPS OF ENGINEERS;
COL. ANDREW KELLY, in his official
capacity as Commander and District Engineer of
the U.S. Army Corps of Engineers; U.S.
DEPARTMENT OF THE INTERIOR; DAVID
BERNHARDT, in his official capacity as
Secretary of the U.S. Department of Interior;
NATIONAL MARINE FISHERIES SERVICE;
DR. ROY E. CRABTREE, in his official capacity
as Regional Administrator of the Southeast
Regional Office of National Marine Fisheries
Service; U.S. FISH AND WILDLIFE
SERVICE; and AURELIA SKIPWITH, in her
official capacity as Director of U.S. Fish and
Wildlife Service,

*Defendants.*

## ORDER SETTING SCHEDULING ORDER

This Cause is before the Court upon the Parties' Joint Status Report filed March 6, 2020.

(DE 45). This Status Report was filed for two purposes: 1) to inform the Court whether Plaintiffs

intend to proceed with their claims under the National Environmental Policy Act (42 U.S.C. §§

4321-4370e) ("NEPA") and 2) to propose a schedule for the briefing of Plaintiff's NEPA claim.

Plaintiffs have indicated that they intend to proceed with their NEPA claim. However, the

Parties are unable to agree on a proposed briefing schedule. Plaintiffs propose earlier dates than

Defendants. There are two main areas of disagreement between the Parties. First, the Parties

1

disagree as to when Defendants should be expected to file the Administrative Record. Plaintiffs note that Defendants have been active in this case since July of 2019, and thus argue that Defendants have had ample time to compile the Administrative Record. Further Plaintiffs contend that the Administrative Record overlaps substantially with the portion of the record that has already been filed, and thus could be completed relatively easily. Accordingly, Plaintiffs propose that the Administrative Record should be filed less than a month from the date of this Order, on April 6, 2020. In making this proposal, Plaintiffs underscore the environmental significance of resolving this matter expeditiously.

Defendants counter that the Administrative Record will be more difficult to compile than Plaintiffs estimate, requiring approximately 90 days. Further, Defendants state that although they have been active in this case since July 2019, they have been occupied with other matters relating to this case, and thus have not been able to work on compiling this portion of the Administrative Record.

I find that a compromise date is appropriate. Although any delay on Defendants' part does not constitute good cause for a delayed schedule, I do find that considerable work will be required to compile the Record. Accordingly, I find that it is appropriate to select a date between the Parties' two proposals of April 6, 2020 and June 5, 2020.

Next, the Parties disagree as to whether the briefing schedule should take into account a supplemental environmental assessment[1] ("the Assessment"), which is scheduled to be completed before June 2020. Defendants state that the Assessment will moot Plaintiffs' NEPA claims.

---

[1] The Parties explain that this Assessment is "a supplemental environmental assessment to a draft environmental assessment on the 2019 Planned Deviation to the Water Control Plan for Lake Okeechobee and Everglades Agricultural Area (LORS 2008)." (DE 45 at 2-3).

Plaintiffs evidently are not as hopeful about the Assessment's ability to resolve this issue and appear to oppose delaying briefing based on the *possibility* that their NEPA claim might be mooted.

I find that, given the likelihood that Plaintiff's claims might be mooted, it would be a waste of judicial resources to rule on the Parties' motions for summary judgment before the Assessment is finalized (assuming that Defendants' statement that the Assessment will be completed before June 2020 is accurate). Therefore, it would waste the Parties' resources to require that the issue be fully briefed prior to June 2020. However, I am cognizant of Plaintiffs' interest in reaching a rapid resolution of this matter. Accordingly, I again find that a compromise between the Parties' proposed dates is appropriate. Based on the foregoing, it is hereby

**ORDERED and ADJUDGED** that:

1. The Parties shall adhere to the following schedule in regard to Plaintiff's NEPA Claim:

   **April 27, 2020** – The Corps lodges its administrative record;

   **May 10, 2020** – The Parties resolve any issues Plaintiffs raise regarding the completeness of the administrative record;

   **June 8, 2020** – Plaintiffs' file their motion for summary judgment on the NEPA claim;

   **July 6, 2020** – The Corps files its combined opposition to Plaintiffs' motion for summary judgment, and cross-motion for summary judgment on the NEPA claim;

   **July 27, 2020** – Plaintiffs file their combined reply to the Corps' opposition to motion for summary judgment/response to cross-motion for summary judgment; and

   **August 10, 2020** – The Corps files its reply to Plaintiffs' opposition to the Corps' cross-motion for summary judgment on the NEPA claim.

The Parties should still refer to the Pre-Trial Scheduling Order (DE 20) for all other dates and instructions.

2. In the event the Parties have a disagreement about the contents of the administrative record that they cannot resolve between themselves, even after diligent attempts to do so, the Parties should promptly bring the issue to the Court's attention so as to avoid the need to postpone the schedule for briefing cross-motions for summary judgment. Keeping in mind the need to reach a rapid resolution of this matter, *I am disinclined to modify this schedule, and therefore will do so only upon a compelling showing of good cause.*

3. If the Parties believe that oral argument will assist the court in resolving the NEPA claims at issue, the Parties should indicate as much at the conclusion of their respective motions for summary judgment. However, I am in no way bound by the Parties' requests, and will independently determine whether oral argument is appropriate on these issues.

**SIGNED** in Chambers at West Palm Beach, Florida this ___ day of March, 2020.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE